## LIBRÁN v. HERNÁNDEZ.

### APPEAL from the District Court of Mayagüez.

No. 839.—Decided December 17, 1912.

CONJUGAL PARTNERSHIP—DEBTS CONTRACTED BEFORE MARRIAGE.—In accordance
with section 1325 of the Revised Code, the payment of debts contracted by
either spouse before the marriage is not chargeable to the conjugal partner-
ship.
ID.—CONJUGAL PARTNERSHIP—COMMUNITY PROPERTY—PRIVATE PROPERTY—PRE-
SUMPTION.—In accordance with section 1322 of the Revised Civil Code, all
property acquired during the marriage is considered as property of the con-
jugal partnership, but this presumption may be destroyed by proving that the
property belongs exclusively to one of the spouses.
ID.—EXECUTION AGAINST WIFE'S PROPERTY TO SATISFY HUSBAND'S DEBTS CON-
TRACTED BEFORE MARRIAGE.—In accordance with the doctrine laid down in the
preceding paragraph, it was held in the case at bar that it having been proved
that the houses in litigation were acquired by the plaintiff during her mar-
riage but with the proceeds of the sale of property owned by her before the
marriage, said houses could not be levied on or sold under execution to satisfy
debts contracted by the husband of the plaintiff prior to the marriage.

The facts are stated in the opinion .

*Mr. José Sabater* for appellant.

*Mr. José Ramón Freyre* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Aracelia Librán Rodríguez brought an action of eject-
ment in the Municipal Court of Mayagüez against Agustín
Hernández Mena to recover two dwelling houses situated in
Hormigueros, within the jurisdiction of the Municipal Court
of Mayagüez. The case having been tried the court rendered
judgment in favor of the plaintiff and adverse to the defend-
ant. The latter appealed to the district court and the trial
having been held *de novo* the court also rendered judgment in
favor of the plaintiff and against the defendant. The latter
then brought the case to this court on appeal.

The following facts were found by the trial court to have
been proven:

"That the plaintiff, Aracelia Librán Rodríguez, is the owner of
the two urban properties hereinafter described, the title to which

she acquired by public deed No. 29, executed in Mayagüez, Porto Rico, on February 23, 1911, before Notary Rodolfo Ramírez Vigo, the said properties being described as follows:

(The description is here given.)

"That according to the aforementioned public deed the plaintiff, Aracelia Librán Rodríguez, purchased the said two properties for the sum of $400 from Avelino Rodríguez Venzo and his wife, Nicomedes Rodríguez, which sum was part of the proceeds of the sale of a house which the plaintiff had purchased on March 24, 1905—at which time she was single—from Mrs. Vicenti, by public deed No. 158 executed before Notary Mariano Riera Palmer of this city.

"That on October 15, 1905, and according to the Catholic rite the plaintiff contracted marriage with Sinforiano Soto Guzmán, who is now her husband.

"That the husband, Sinforiano Soto Guzmán, prior to his marriage to her carried an account current with the firm of Ahedo, later Ibarrondo, doing business in this city. That the last item charged in said account of Sinforiano Soto Guzmán was dated September 2, 1905, that is, before his marriage to the plaintiff. That the balance of said account current against Sinforiano Soto Guzmán, amounting to eighty-nine dollars and some cents, was sold or assigned by the firm of Ibarrondo to the defendant herein, Agustín Hernández Mena, who sued Sinforiano Soto Guzmán, husband of the plaintiff, in the Municipal Court of Mayagüez (Civil Case No. 156) to recover the above-mentioned sum; and in the course of that suit, in which judgment was rendered against Sinforiano Soto Guzmán, the two houses aforementioned and described were sold at public auction in execution of said judgment as if the properties belonged to Sinforiano Soto Guzmán or as if the said defendant had some right, title, or interest therein. And by virtue of that sale the present defendant, Agustín Hernández Mena, acquired the said properties under title of purchase at a public execution sale, which sale was conducted by the marshal of the Municipal Court of Mayagüez on May 12, 1911, the defendant, Agustín Hernández Mena, being now in possession of deed No. 32, executed on the day the sale took place before Notary Juan Quintero, of this city, said deed having reference to the two houses which are the object of this action of ejectment.

"That after having secured the marshal's title to the said two properties the defendant, Agustín Hernández Mena, applied for and secured a writ from the Municipal Court of Mayagüez directing that he be put into possession of the properties acquired at the public

sale, that is, the two houses hereinbefore described, and the marshal of the Municipal Court of Mayagüez, Tomás Ramírez Vicenti, went to Hormigueros, where the properties were located, on June 3, 1911, and put Agustín Hernández Mena, represented by Evaristo Cámara, into legal possession of the properties, notifying the plaintiff, Aracelia Librán Rodríguez, that the defendant, Agustín Hernández Mena, was the owner of the house aforementioned and that she, Aracelia Librán, should bear in mind that from that day on should she desire to continue occupying one of the houses she would have to pay a monthly rental therefor to the defendant, Agustín Hernández Mena; that no amount had so far been paid by the plaintiff to the defendant, Agustín Hernández Mena, for the reason that neither he nor any other person in his name had ever demanded payment from her. With regard to the other of the two houses, the defendant, Agustín Hernández Mena, also took possession thereof and rented it to a minister of the Presbyterian church for $4 a month.

"It has also been proven that the value of the houses the ownership of which is sought to be recovered is $400 at the present time.

"Furthermore, that the properties the ownership of which is hereby sought to be recovered have been properly identified."

We have made an examination of the evidence introduced at the trial and in our judgment said evidence supports the facts which the trial court found to have been proven. It clearly appears from the evidence that about the year 1905 Sinforiano Soto contracted an indebtedness with a commercial establishment in Mayagüez; that after he had contracted such debt Soto married the plaintiff who was the owner of certain real estate; that after some years had elapsed the plaintiff sold her property for $600, from which sum she took $400 and bought the two houses involved in this suit; and that then when the conjugal partnership consisting of Soto and the plaintiff had apparently acquired those properties Agustín Henández Mena, to whom the creditor firm seems to have assigned the debt, sued Soto and obtained a judgment in his favor and in executing the same levied upon the houses, bought them in at a public sale, took possession of them, collected the rental from one of them and attempted to eject the

plaintiff from the other. The writ of assistance was not executed on account of having been arrested by an injunction.

From the foregoing facts the conclusion necessarily is reached, as it was by the trial court, that the houses in question belong to the plaintiff exclusively and that the title to them acquired by the defendant is neither just nor sufficient in law, and, therefore, that the defendant should speedily vacate said houses and leave them at the free disposal of the plaintiff.

Section 1322 of the Revised Civil Code provides that all the property of the marriage shall be considered as partnership property until it is proven that it belongs to the husband or to the wife exclusively.

There can be no doubt that the houses the ownership of which is disputed in this suit having been acquired during the marriage of the plaintiff to Soto are presumed to be community property, but said presumption may be destroyed, as it has been in this case, by proving that the plaintiff was the owner of a property prior to her marriage, that she sold it and that with a portion of the proceeds of the sale she purchased said houses.

Furthermore, even though we might believe that the evidence on that point was not so clear and conclusive as it should have been in a case of this nature, and even though the houses were considered as community property, the judgment would be sustained on the strength of the fact that the debt was contracted by the husband prior to his marriage, and according to the provisions of section 1325 of the Revised Civil Code the payment of debts contracted by the husband or by the wife before marriage shall not be borne by the partnership.

The defendant and appellant raised several questions on motions to strike, on demurrer and while the testimony was being taken. We have examined all of them and in our judgment the court in deciding them did not commit any fundamental error which might be sufficient ground for re-

versing the judgment appealed from. Said judgment is a just
and proper one in the case and should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf
and Aldrey concurred.